GEORGE KENNEDY AND SANDY KENNEDY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kennedy v. Commissioner
Docket No. 14540-79.
United States Tax Court
T.C. Memo 1983-591; 1983 Tax Ct. Memo LEXIS 187; 46 T.C.M. (CCH) 1501; T.C.M. (RIA) 83591; September 26, 1983. *187 Held: Amounts of business expenses determined. James D. Watt, Jr., for the petitioners. Michael S. Adelman, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined a deficiency in the income tax liability of petitioners for the calendar year 1976 of $5,948. The deficiency arose in part out of the disallowance of a contribution to an individual retirement account in the amount of $1,373, which respondent conceded at the trial. The remainder of the deficiency results from the disallowance of various claimed business expenses, principally of the "travel and entertainment" variety, most of which are not only subject to the normal requirements of section 162 [1] but also the more stringent requirements of section 274. For convenience, our Findings of Fact and Opinion are combined. During the entire year 1976 petitioners were husband and wife and both resided in Honolulu, Hawaii, although they separated during that year. Petitioners were subsequently divorced. At the time of the filing of the petition, Mr. Kennedy resided in *188 the State of Pennsylvania, and Mrs. Kennedy in Honolulu, Hawaii. For the year 1976, they filed a joint U.S. individual income tax return on the cash basis. During 1976 and for a period of time before that, Mr. Kennedy was employed by radio station KGMB in Honolulu as a disc jockey and radio program director. In that capacity, he was responsible for audio production. He also did some acting, both in television and in the movies, and was regularly utilized for the voice portion of commercial spots. Mrs. Kennedy was employed by the Edward Sultan Company as an outside jewelry salesperson, selling costume jewelry of the kind normally designed to appeal to tourists. She traveled extensively by automobile, calling on accounts, transmitting orders, and in some instances undertaking to expedite the filling of her orders through contact with the individuals engaged in actual production of the jewelry. The disallowed expenditures were described on petitioners' 1976 tax return as "Business Expenses" in the amount of $12,652, further itemized on a schedule, [2] and "Misc. Outer Island Trips (Bus.)" in the amount of $264. There is no reference in the record, or in petitioners' brief, to the *189 item "Misc. Outer Island Trips (Bus.)." Thus, we assume petitioners have conceded the disallowance of the $264 deduction. In any event, the burden of proof is upon petitioners [3] and they have failed to carry the burden with respect to this item. Accordingly, we hold against petitioner as to the claimed deduction of $264. With respect to the remainder of the contested deductions, we have followed the descriptions used in the schedule as a matter of convenience, although in some instances we have reclassified a specific disbursement in order to fit it into the proper section 274 category. The most troublesome items, consisting of more than 100 separate disbursements, fall generally into the section 274 categories of travel, entertainment, business meals and business gifts. We are confident that both petitioners incurred substantial business expenses during *190 1976 falling generally into the descriptions shown on the schedule, which, if properly substantiated, would be deductible for Federal income tax purposes. The amounts claimed are not unreasonable in view of the nature of the employment of each of petitioners and the taxable incomes of each. We are also convinced that the vast majority of the claimed expenditures were business related and should be deductible under section 162 as both ordinary and necessary (although subject to section 274 in many instances). However, we cannot decide this case on such broad generalities, as petitioners' counsel would have us do. The expenditures were properly disallowed by respondent for lack of substantiation and petitioners must demonstrate entitlement to deductibility of each challenged item. [4] *191 Rule 142, Tax Court Rules of Practice and Procedure. For the reasons briefly indicated, petitioners have failed to substantiate, have substantiated in part or have fully substantiated the deductibility of the items listed on the schedule attached to their tax return (see footnote 2, supra) in the amounts indicated: I. Failure to Substantiate - $1,630
(1) Telephone (LD) *192 ($324). The record is totally devoid of information as to the source or the amount of each of the alleged long distance calls, the dates, the business connection, the identities of the callers or of the persons called. This amount was explained merely as "about a third" of the entire telephone bill with no documentation whatsoever. (2) Miscellaneous Donation ($99). There is no basis on this record even to make a guess as to petitioners' actual charitable donations during the year 1976. (3) T.V. Monitor ($208). Mr. Kennedy established by his testimony business use of a television set in his home but clearly it had a useful life in excess of one year. There is no evidence of its cost, date of acquisition, useful life or any basis on which to allocate its use between business and admitted nonbusiness. (4) Cable Lease ($90). We assume (but there is no evidence to establish) that a leased cable was used with the television monitor and that petitioners paid a monthly or periodic charge for use of the cable. Unfortunately, there is neither documentation nor testimony as to the $90, and if our assumption is correct, it would have to be allocated between business and nonbusiness use on *193 the same basis as depreciation on the television set. (5) Sound on Film Equipment ($156). The record explains only the business connection for this equipment, nor its cost, its useful life, the date acquired or any other facts from which we could estimate an annual depreciation or expense deduction. (6) Office Expense ($218). The substantiation for this item was: "Yes, like the stationery and stamps and stuff like that, about $15 a month." This statement, although sworn testimony, does not establish a section 162 deduction for office expense for either petitioner. (7) Talent Search Expenses ($535). The sole explanation for this item--that it represented the annual cost of "Spec commercials"--furnishes no basis for allowance of a deduction. II. Partially Substantiated - $697
(1) Records, Tapes, Trade Journals, Etc. ($314). While we are not satisfied with the testimony as to this expenditure, we are convinced that Mr. Kennedy incurred some legitimate business expense for items of this category, and using our authority to make estimates, we hold that petitioners are entitled to a deduction of $100 under section 162 for expenditures in this category. (2) Parking ($380). Mr. Kennedy *194 adequately substantiated expenditures in the amount of $115 incurred by Mrs. Kennedy for the purchase of parking stickers for parking privileges on a periodic basis in connection with her outside salesperson activities. (3) Organization Dues & Expenses ($276). During the trial, petitioners' counsel conceded $45 of this sum and Mr. Kennedy substantiated business organizational dues deductions in the amount of $232, which we will allow. (4) Auto Expense ($3,945). Petitioners claimed a deduction of $3,945 for local automobile mileage. The schedule shows on its face that the automobile expense was inflated by the sum of $1,944 due to a mathematical error. Thus, the deduction on its face must be reduced to $2,001. We recognize that it is inconceivable that Mrs. Kennedy did not incur substantial local automobile expense in connection with her business and that Mr. Kennedy also incurred some local business transportation expense. However, no effort was made to substantiate mileage. We cannot allow the claimed deduction, even adjusted for the math error. While we have little basis upon which to make an estimate, as authorized by Cohan v. United States,39 F.2d 540 (2d Cir. 1930), the *195 evidence of business meals and gifts furnishes some indication of activity. Bearing heavily upon the taxpayer as we are permitted to do, we will allow an automobile mileage deduction under section 162 for both petitioners in the amount of $250. III. Fully Substantiated - $495
(1) Hairdressing for Acting ($135). We find that Mr. Kennedy has adequately substantiated this item as a business expense incurred during the year 1976. (2) Accounting Fees ($360). This fee for preparation of petitioners' 1976 income tax return is obviously a deductible expense. The remaining items from petitioners' tax return schedule are the following: (1) Gifts, Flowers, Cards, Samples ($2,020); (2) Formal Home Entertaining (Dinners and Cocktail Parties) ($1,421); (3) Breakfasts, Coffee Breaks, Business Lunches ($586); (4) Outside Customer Entertaining ($1,625). Before commencing our discussion of the haphazard combination of testimony and fragmentary documentary evidence presented for these deductions aggregating $5,652, brief reference is appropriately made to the more restrictive conditions for deductibility imposed by Congress in section 274 as interpreted by respondent's regulations. Not only must *196 expenditures in these categories constitute ordinary and necessary business expenses within the meaning of section 162, but they must also meet the more stringent "directly related" or "associated with" tests of section 274(a). See, e.g., Walliser v. Commissioner,72 T.C. 433 (1979). In this area of the Code, Congress precluded our application of Cohan v. Commissioner,supra.Sandford v. Commissioner,50 T.C. 823 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). Section 1.274-2(c)(3), Income Tax Regs., establishes four requirements for "directly related" expenditures, each of which must be met: (i) The taxpayer must have had more than a general expectation of deriving a business benefit from the expenditure; (ii) During the entertainment, the taxpayer must have been "actively engaged" in a business discussion; (iii) The principal character or aspect of the combined business and entertainment must have been the conduct of the taxpayer's business; and (iv) The expenditure must be allocable to the taxpayer and other persons whose connection with the taxpayer was business related. A somewhat less rigorous rule applies to entertainment which is "associated" with business, in that *197 it either precedes or follows a business meeting. Section 1.274-2(d), Income Tax Regs. Also, in the context of this case, we need to consider the "business meals" exception--section 1.274-2(f)(2)(i), Income Tax Regs.[5] Where applicable, only the rules of section 162 apply to business meals. Finally, there is included in these categories of deductions a number of business gifts to which the provisions of section 274(b) apply. Deduction of a business gift, otherwise allowable under section 162, is precluded to the extent that all gifts in any one year to a single individual exceed the sum of $25. With these rules of section 274 and the regulations before us, we can proceed to analyze the four remaining categories of claimed business deductions: (1) Gifts, Flowers, Cards, *198 Samples ($2,020). The schedule referred to in petitioners' return (see footnote 2) includes under this category the sum of $2,020. At the trial, petitioners submitted evidence as to business gifts totaling $2,597.96. [6] Based on the record, out of the aggregate of business gifts amounting to $2,597.96, petitioners have established the deductibility of items totaling $477.75. In reaching this total, we have taken into account the fact that a number of gifts exceeded the $25 limitation of section 274(b) and in those instances we have limited the deduction to the prescribed maximum. However, in a number of instances a disbursement in excess of $25 purchased gifts for two or more donees. In allowing a deduction of $477.75, we have not estimated or approximated any item but have allowed only those disbursements where the donees were sufficiently identified and their business connection established. For the convenience of the parties, we have attached an appendix on which is listed the dollar amount of each item out of petitioners' Exhibit 31 which we have found to be substantiated with appropriate notations where the $25 maximum was imposed or the reason for not doing so. (2) Formal *199 Home Entertaining (Dinners and Cocktail Parties) ($1,421). In this category, petitioners claimed on their return $1,421, whereas at the trial evidence was offered as to items aggregating only $1,196.13. The excess is, of course, disallowed for lack of substantiation. The evidence in support of these business expenses was essentially of the same type as that supporting the business gifts. While respondent argues that the evidence is insufficient to support the ordinary and necessary requirements under section 162, his principal reliance appears to be correctly placed upon section 274(a) and (d). For the most part, we agree with respondent. In a number of instances, it is quite clear from the record that the home entertaining was as much personally motivated as business motivated, if not more so. In other instances, it was impossible on this record to identify the people entertained or the business reason for the entertainment. In no instance was there evidence that "the taxpayer actively engaged in a business meeting, negotiation, discussion, or other bona fide business transaction, other than entertainment" during the course of the entertainment, as required by section 1.274-2(c)(3)(ii), Income Tax Regs. *200 Nor was there any evidence that the entertainment either preceded or followed business discussions so as to bring into play the "associated with" provision of section 274(a)(1)(A). Thus, deduction of this entire category of disbursements is precluded by section 274 unless one of the exceptions described in section 274(a) is applicable. Although not argued by petitioners' counsel, under the "business meals' exception of section 274(e)(1), petitioners are entitled to deductions aggregating $208.23. Respondent's Regulations make it clear that where the business meal exception applies, there is no requirement that business actually be discussed. Section 1.274-2(f)(2)(i)(a), Income Tax Regs. The Regulations also make it clear that a taxpayer may utilize the business meals exception for expenditures for meals or beverages served in a taxpayer's residence on a showing that the expenditure *201 "was commercially rather than socially motivated." Section 1.274-2(f)(2)(i)(b), Income Tax Regs. Two of the expenditures classified erroneously under the heading "Formal Home Entertaining" actually involved meals at restaurants which on this record constitute deductible business meals. There are the expenditures on June 4, 1976, at Rainbow Rib in the amount of $57.70 and on November 21, 1976, at Hawaii Kai in the amount of $23.23. The expenditures on June 6, 1976, at the Times for food and beverages in the amount of $127.30 qualify as at-home business meals. 3. Breakfasts, Coffee Breaks, Business Lunches ($586). Although petitioners on their income tax return claimed deductions in this category of $586, the documentation submitted during the trial covers only a total of $184.10. Petitioners have failed to carry their burden of proof as to the balance.Respondent correctly points out that almost all of these expenditures pertain to Mrs. Kennedy. The record amply demonstrates, in those instances where there is sufficient evidence on which to make a determination, that Mrs. Kennedy during her business day bought lunches or beverages for buyers or other business people with whom she *202 was soliciting or negotiating business. To the extent that these business contacts have been properly identified, we hold that the business meal exception applies. Petitioners have substantiated a total of $116.03. The appendix includes the dollar amount of each item in petitioners' Exhibit 32 which we have found to be substantiated. (4) Outside Customer Entertaining ($1,625). The schedule referred to in petitioners' tax return again includes the sum of $1,625 in this category, but there is evidence in the record only as to a total of $309.10. Petitioners fail as to the balance. One disbursement on November 5, 1976, at Chuck's Steak in the amount of $48.35 meets the "associated entertainment" requirements of section 274(a) and complies with the provisions of section 1.274-2(d), Income Tax Regs. The following four items fall into the category of business meals as discussed in the immediately preceding section of this opinion and are deductible under section 162. 8/23/76
Hilton
$75.50
8/31/76
Chuck's Steak
26.15
11/29/76
Victoria Station
12.46
12/27/75
Hilton
60.87
Thus, petitioners have sustained their burden of proof to the extent of $223.33. Thus, out of these four categories of deductions, *203 claimed in the aggregate amount of $5,652, we allow as deductions the sum of $1,025.34. Out of the business expense deduction claimed on petitioners' return in the amount of $12,652, we hold that petitioners are entitled to deduct the sum of $2,217.34 in addition to the contribution to the IRA conceded by respondent.
Decision will be entered under Rule 155.
APPENDIX
GIFTS, CONTRIBUTIONS, ETC.:
Amounts Allowed
$5.72
33.77
(multiple donees)
31.19
(allowed to the extent of $25)
7.80
31.20
(multiple donees)
15.55
16.17
20.80
19.24
15.60
(same donee--allowed to the extent of $25)
60.84
(multiple donees)
40.23
(multiple donees)
36.92
(allowed to the extent of $25)
7.27
30.48
(multiple donees)
33.20
(multiple donees
53.04
(multiple donees)
28.05
(allowed to the extent of $25)
21.68
Allowed: $477.75
BREAKFASTS, LUNCHES, ETC.:
Amounts Allowed:
$ 7.26 8.62 5.67 4.49 7.49 5.47)
.94)
6.12 8.00 18.50 6.86 7.52 16.01 8.12 4.96 TOTAL
$116.03 Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. By error, the schedule attached was a copy of the similar 1975 tax return schedule. The document which should have been attached to the 1976 return was incorporated into the record through the stipulation and is treated herein as though it had been attached to the tax return. ↩
3. Rule 142, Tax Court Rules of Practice and Procedure.↩
4. More careful trial preparation almost certainly would have permitted petitioners' adequately to document substantial additional deductions. We have applied the rule of Cohan,Cohan v. United States,39 F.2d 540 (2d Cir. 1930)), where appropriate but we are neither required nor entitled under that decision to create estimated deductions based on pure guesswork. Afshar v. Commissioner,T.C. Memo. 1981-241. Moreover, Congress intended that Cohan not be applied to those deductions governed by sec. 274. Sanford v. Commissioner,50 T.C. 823 (1968), affd. per curiam 412 F.2d 201↩ (2d Cir. 1969). Petitioners are not novices in dealing with respondent; their returns were audited for a number of consecutive years up through the year 1976. Notwithstanding, their records were fragmentary, disorganized and in many respects totally inadequate. Mrs. Kennedy did not appear at the trial nor apparently was any effort made to take her testimony by deposition. It was only with the diligent and patient assistance of respondent's counsel during the trial that any semblance of order was brought to petitioners' case. Respondent's brief was detailed, thorough and of material assistance to the Court in the resolution of this case.
5. On brief respondent recognizes the existence of the "business meals" exception but concludes that there is insufficient information to enable us to determine whether or not the exception applies. To the extent that we find this exception to be applicable, our determination is based on the entire record, applying the "ordinary and necessary" test of sec. 162 to the facts as disclosed in the documents and testimony.↩
6. Respondent objected to a document described as "1976 Desk Master Diary" and to Mr. Kennedy's testimony where he had no personal knowledge of his former wife's activities, but we held that the diary as well as other documents were admissible as business records, and Mr. Kennedy's explanations were appropriate.↩